WO                                                                                    MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Alfred E. Caraffa,                                    No.   CV 20-00774-PHX-MTL (ESW)

              Plaintiff,

v.                                                          **ORDER**

United States, et al.,

              Defendants.

On April 20, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis.  In an April 23, 2020 Order, the Court denied the deficient Motion to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On April 30, 2020, Plaintiff filed a Motion to Combine Cases (Doc. 6); Exhibits to Support Civil Action; a First Amended Complaint (Doc. 8) pursuant to § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and a second Application to Proceed In Forma Pauperis (Doc. 9).  On May 7, 2020, Plaintiff filed a "Motion to Change Assignment of Judge(s)" (Doc. 11).  The Court will deny the Motion to Change Assignment of Judges, grant the second Application to Proceed, deny the Motion to Combine Cases, and dismiss the First Amended Complaint with leave to amend.

. . . .

JDDL-K

## I.      Motion to Change Assignment of Judges

In his Motion to Change Assignment of Judges, Plaintiff seeks to have this case assigned to a different District Court Judge and Magistrate Judge because (1) the undersigned and United States Magistrate Judge Eileen S. Willett "are mentioned by title and name in the cause of action counts in the Amended Complaint" and (2) Plaintiff has sent a letter to the Supreme Court about "claims and statements made by [the undersigned] . . . for his discrimination comments of A.R.S. 31-(A)(6) cited in the orders from [the undersigned]." Plaintiff asserts that he "did not file any kind of civil action dealing with marriage" and that the undersigned's "comments to see A.R.S. of the Arizona Constitution is unconstitutional and disgraceful for a federal judge who took an oath to uphold the Constitution[] of the United States." Plaintiff also contends Magistrate Judge Willett "follow[ed] suit with violation of Federal Rules [of] Civil Procedur[]e[]" and this "adds to that disgracefulness."

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit must state the facts and reasons for the belief that the bias or prejudice exists. 28 U.S.C. § 144. If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion. *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). On the other hand, § 455 is self-enforcing on the judge and requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding." 28 U.S.C. § 455(a), (b)(1), and (b)(5)(i). *See also Sibla*, 624 F.2d at 867-68.

The undersigned must initially determine whether Plaintiff has filed an affidavit that is legally sufficient. *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citing

*Berger v. United States*, 255 U.S. 22 (1921)).  He has not.  "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source.*"  *Sibla*, 624 F.2d at 868 (emphasis added).  Plaintiff has not filed an affidavit and his Motion does not contain any facts to support the conclusion that the undersigned has exhibited a bias or prejudice that stems from an extrajudicial source.  Thus, the undersigned is not required to assign the recusal request to another judge.  *See Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, ___ U.S. ___, 136 S. Ct. 1843 (2016).  In nearly all cases, the source of any alleged bias must be extrajudicial.  *Liteky v. United States*, 510 U.S. 540, 544-56 (1994).  In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted).  *See also Pesnell*, 543 F.3d at 1044.

As previously discussed, Plaintiff does not allege the undersigned has an extrajudicial bias against him.  The undersigned cannot conclude that the grounds advanced by Plaintiff would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned.

Plaintiff has not named the undersigned or Magistrate Judge Willett as a Defendant in this action, but does make numerous allegations against the undersigned and Magistrate Judge Willett in his First Amended Complaint.  When a litigant becomes unhappy with a judge's rulings, a litigant might seek to force the judge to recuse himself by filing a lawsuit against the judge.  But a "'judge is not disqualified merely because a litigant sues or threatens to sue him.'  Such an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) (citation omitted), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).

"'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'" *United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)).  Similarly, "[w]here a claim against the undersigned judge is so wholly frivolous that there is no jurisdiction, the assigned judge should be able to decline to recuse and proceed with dismissing the case." *Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1095 (D. Alaska 2006).  *See also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 131 (D.D.C. 2007) ("recusal is not required where the claim asserted is 'wholly frivolous' or a litigant has named a judicial officer as a defendant to force him out of the case and hence obtain assignment of a judge the litigant considers more desirable." (quoting *Snegirev*, 407 F. Supp. 2d at 1095)).

The Court lacks subject-matter jurisdiction over a claim that is "wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998).  An action under 42 U.S.C. § 1983 or *Bivens* may be dismissed as frivolous "where the defense

is complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).  Such claims include those in which "it is clear that the defendants are immune from suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Snegirev*, 407 F. Supp. 2d at 1097 (claim precluded by judicial immunity was frivolous).  Such is the case here.

Judges are absolutely immune from § 1983 and *Bivens* suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity.  *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Plaintiff's allegations against the undersigned and Magistrate Judge Willett in his First Amended Complaint are based on the undersigned's and Magistrate Judge Willett's rulings in Plaintiff's prior cases.  As to those rulings, the undersigned and Magistrate Judge Willett are protected by judicial immunity.  The Court finds that Plaintiff's claims against the undersigned and Magistrate Judge Willett are precluded by judicial immunity and are frivolous.[1]  Thus, the Court will deny Plaintiff's Motion to Change Assignment of Judges and will proceed to review Plaintiff's filings in this action.

---

[1] Plaintiff should take note that title 31 of the Arizona Revised Statutes relates to "Prisons and Prisoners," not "Marriage."  In other cases Plaintiff has filed, the Court has repeatedly referred to Arizona Revised Statutes section **31-101** when explaining to Plaintiff that, in Arizona, the responsibility for operating jails and caring for prisoner is placed by law on the sheriff, not the Maricopa County Sheriff's Office, which is an administrative creation of the county sheriff.

Based on Plaintiff's assertions in his First Amended Complaint, it appears Plaintiff takes issue with the Court sending Plaintiff a "Marshal packet" to complete in *Caraffa v. Tempe Police Department*, CV 19-05492-PHX-MTL (ESW).  Plaintiff contends this violates "Rule 4(3)" of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915.  He is incorrect. The Court sent Plaintiff a service packet so Plaintiff could provide information about the defendant in CV 19-05492 against whom Plaintiff had stated a claim so the

## II.    Second Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's second Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $6.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## III.    Motion to Combine

In his Motion to Combine, Plaintiff seeks to combine "four civil actions into one civil action under same issues of confinement, illegal prosecution and threats to saf[e]ty," and statements made by "two federal judge[]s as per unconstitutional and vague statements[ m]ade in judgments by Honorable Mich[ae]l T. Liburdi and Honorable Judge W[i]llett in one judgment order in a civil case."

Plaintiff does not identify which four of the twelve cases he has filed in this Court he believes should be combined.  Moreover, ten of those cases have already been dismissed.  Thus, the Court will deny Plaintiff's Motion to Combine.

## IV.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

---

United States Marshals Service could effect service on that individual.  This is not improper.  Although a plaintiff who is proceeding in forma pauperis is entitled to have the Marshals Service effect service of summons and complaint on a defendant, the Plaintiff, not the Court or the United States Marshal, is responsible for providing the proper address so the Marshals Service can serve a defendant.  *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

1    relief may be granted, or that seek monetary relief from a defendant who is immune from

2    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3         A pleading must contain a "short and plain statement of the claim *showing* that the

4    pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

5    not demand detailed factual allegations, "it demands more than an unadorned, the-

6    defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

7    (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice." *Id.*

9         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

11   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

12   that allows the court to draw the reasonable inference that the defendant is liable for the

13   misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for

14   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

15   experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual

16   allegations may be consistent with a constitutional claim, a court must assess whether there

17   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

18        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

19   must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342

20   (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

21   standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551

22   U.S. 89, 94 (2007) (per curiam)).

23        If the Court determines that a pleading could be cured by the allegation of other

24   facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

25   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

26   Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but

27   because it may possibly be amended to state a claim, the Court will dismiss it with leave

28   to amend.

JDDL-K

## V.     First Amended Complaint

The First Amended Complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his sixteen-count[2] First Amended Complaint, Plaintiff names as Defendants the United States, the State of Arizona, and the Maricopa County Sheriff's Office (MCSO).  In his Request for Relief, he seeks monetary damages.

In **Count One** (Doc. 8 at 2), Plaintiff alleges he was subjected to a threat to his safety, in violation of his right to equal protection, because he was threatened and assaulted by a member of the Aryan Brotherhood on April 23, 2020, for being a transsexual.  He claims the assault was on camera and the individual who assaulted him was holding a jailhouse weapon.

In **Count Two** (*id*. at 3), Plaintiff alleges his First Amendment rights regarding his sexual identity were violated when he was threatened and assaulted on April 23, 2020, by a member of the Aryan Brotherhood.  He contends the incident was on camera and the individual who assaulted him said that Plaintiff was a "faggot" and that the individual hated "faggots."

In **Count Three** (*id*. at 4), Plaintiff alleges he was subjected to deliberate indifference in violation of his right to equal protection.  He asserts that when he was threatened and assaulted with a weapon by a member of the Aryan Brotherhood on April 23, 2020, the individual who assaulted him said, "Told ya The police don't care."  Plaintiff alleges no MCSO deputies responded to the assault, which was on camera.

. . . .

---

[2] Plaintiff's First Amended Complaint contains two Count Eights, two Count Nines, and two Count Tens.  For clarity, the Court has cited to the document and page number generated by the Court's Case Management/Electronic Case Filing system for each claim.

In **Count Four** (*id.* at 6-7), Plaintiff alleges he has been subjected to deliberate indifference in violation of his right to equal protection.  He claims that for over two months, employees at the federal courthouse, including two federal judges, have "known of the constitutional violations of the Plaintiff's federal and state laws of the Constitution." Plaintiff asserts that in January 2020, he "plead[ed] to the federal court about corruption in [the] Lower Buckeye County Jail . . . as well as corruption in the Phoenix Police Dept." but there was a "failure to respond or take action to protect Plaintiff from reta[]l[i]ation and har[]assment."

In **Count Five** (*id.* at 8), Plaintiff alleges he has been subjected to deliberate indifference in violation of his right to equal protection.  Plaintiff contends that on April 3, 2020, he verbally reported to an officer that an inmate was "threatening [him and] slamming [his] food[ ]port shut as a form of intim[i]dation and to provoke an assau[l]tive behavior," and that he "wrote a[] request form on the same issues" on April 4.  He alleges the issue was not dealt with on April 5, and the inmate violently assaulted Plaintiff on April 6.  Plaintiff claims he was injured by "knowing there is a risk of harm and failure to respond reasonable (again) the third time."

In **Count Six** (*id.* at 9-10), Plaintiff alleges he was subjected to an abuse of authority and power.  He contends that on March 30, 2020, he dropped a "tablet" and the shatter-proof screen cracked, but "[n]o paperwork was written or given to the Plaintiff."  Plaintiff alleges that on March 31, 2020, a deputy was passing out "GTL tablets," but refused to provide one to Plaintiff, even though Plaintiff requested a tablet.  Plaintiff claims it is an abuse of power to "deny a privilege" at the jail "to har[]ass as a form of reta[]l[i]ation against a[] transgender prisoner."

In **Count Seven** (*id.* at 11), Plaintiff alleges he was subjected to retaliation and harassment in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  He claims that on March 6, 2020, he received documents from the Legal Services Supervisor stating that "there are attached copies of 'U.S.D.C. civil docket for case #2:19-05492-MTL-ESW.'"  Plaintiff asserts a sergeant gave him the documents,

"[b]ut there was no copy of that cited case."  He alleges this means "someone stole a copy of legal documents for a federal civil action currently in pretrial proceedings."  Plaintiff also asserts that on several occasions a deputy has tampered with his legal documents.

In **Count Eight** (*id*. at 12-14), Plaintiff contends there was a failure to protect, in violation of his right to equal protection.  Plaintiff claims that on March 9, 2020, he was involved in a verbal argument with an inmate who had been making threatening statements and slamming Plaintiff's food port shut in an attempt to incite a violent response from Plaintiff.  Plaintiff contends a deputy told Plaintiff to sit in his cell; Plaintiff went to his cell; Plaintiff was again told to sit down in his cell; and Plaintiff, after standing at his cell door, went to the dayroom to watch television.  Plaintiff asserts the officer "called a code and wrote [Plaintiff] a charge[,] stating [Plaintiff] refused to lockdown."  Plaintiff contends the other inmate was "told nothing."  Plaintiff alleges that because he is a pre-operation transsexual, he was "singled out from the [other inmate, who is a] White Muslim."

Plaintiff contends the deputy "lied in the report."  Plaintiff also states that he "suspect[s] the deputies are using the Muslim inmate to play games and make threatening statement[s] to [pro]voke [Plaintiff] into an assaultive action to ('page 2') [Plaintiff] with more charges" because Plaintiff is "a witness in a police corruption case," has "criminal charges to file against MCSO deputies," "cannot be prosecuted for [his] crimes according to [the] Arizona Constitution," and has "a civil case in pretrial again[st] a[] police dept. and more money from the enlarged breasts[,] plus other lawsuits."

In a **second Count Eight** (*id*. at 23-24), Plaintiff alleges he is being denied access to the courts, in violation of his due process rights, because the undersigned "used unconstit[ut]ional statements and misleading untrue claims to deny [Plaintiff] access to the courts while [Plaintiff] was incarcerated at [the] Lower Buckeye County Jail as to property owned by [Plaintiff] (a MLB TRADING CARD) and relief of those actions."

In **Count Nine** (*id*. at 15-17), Plaintiff alleges he is being subjected to sexual orientation discrimination in violation of the First Amendment.  He claims that since December 9, 2019, he has been housed in an all-male housing unit, separate from other

pre-operation transsexuals.  He claims he has been housed with male cellmates and transported on three occasions with male inmates, but other pre-operation transsexuals are housed together in a house alone/transport alone unit.  Plaintiff asserts he is being segregated from other pre-operation transgender inmates as a form of harassment and retaliation by Defendant MSCO "as a form of intimi[]dation for being a witness against government corruption and having knowledge of criminal charges against MCSO deputies."

Plaintiff also claims Defendant MCSO is using three white inmates to "reta[]l[i]ate against [Plaintiff] into assaultive behavior."  Plaintiff alleges he informed custody staff verbally and in writing and the custody staff told him to stop writing them about other inmates.  He claims custody staff is "well aware of the problem and are doing nothing on purpose."  Plaintiff asserts that as of April 7, 2020, he is "in a[] position to defend [his] life at all costs with no assistance from custody staff" and that "[a]dditional charges for murder may be in the weeks ahead" because "it is three against one" and he fears for his safety, life, and well-being.  Plaintiff contends there have been threats to steal his legal work and legal documents and to throw "magic shave" in his eyes.

Plaintiff also alleges he was interviewed on April 7, 2020 by two deputies regarding an assault by another inmate on April 6, but he did not remember anything about that assault and, at the interview, refused medical care.  Plaintiff asserts that a few hours later, he verbally "revoked that refusal" and requested an officer take him to the medical department because he was having memory loss as a result of the April 6 assault.  Plaintiff claims the officer refused Plaintiff's request.

In a **second Count Nine** (*id*. at 25), Plaintiff claims he is being subjected to "profiling," in violation of the prohibition against cruel and unusual punishment, because the undersigned has been assigned to seven of Plaintiff's last seven civil actions.[3]

---

[3] Plaintiff is advised that Local Rule of Civil Procedure 3.7(e) provides that after one case filed by an incarcerated person has been assigned to a specific District Judge and referred to a specific Magistrate Judge, "[a]ny future pleadings filed by the incarcerated person . . . must be directly assigned and referred to the same District Judge and Magistrate Judge to whom the earlier case was assigned and referred, unless otherwise ordered by the

In **Count Ten** (*id*. at 18-19), he alleges he is being denied access to the courts due to "[d]iscrimination of sexual orientation."  He claims in several court orders by the undersigned, Plaintiff "was told in the order unconstitutional statements with no admissible facts to support" and the orders "[h]ad Arizona laws and statu[t]e[s] cited that does not ex[]ist."  Plaintiff asserts he was "[d]enied to appeal on facts that the Judge stated 'bad faith' in a civil case with mentions [of] the Judge by name and by title."  Plaintiff claims he has had at least seven different civil actions before the same judge who was mentioned, although not named as a defendant, in two of the civil actions.  Plaintiff asserts at least two of the undersigned's orders mention or cite to "A.R.S. 31[,] which A.R.S. ends in 31 (marriages)."  Plaintiff claims he is a pre-operation transsexual "that has a presiding federal judge quoting A.R.S. Arizona Constitution that doesn't ex[]ist, to anything with [Plaintiff's] civil actions."

In a **second Count Ten** (*id*. at 26-27), Plaintiff alleges he is being denied access to the courts, in violation of his due process rights, because the undersigned "rendered a[] judgment in two different civil actions that mentioned the federal judge in the cause of action."

In **Count Eleven** (*id*. at 27), Plaintiff alleges he has been subjected to "misconduct of the courts," in violation of his due process rights.  He claims he filed a "writ of habeas corpus for an illegal incarceration," but it was "heard by a civil case judge not a[] criminal case judge[ a]nd dismissed by order of judgment in a civil case CV-20-00598-PHX-MTL (ESW)."[4]

In **Count Twelve** (*id*. at 28-29), Plaintiff alleges he has been subjected to a violation of the Federal Rules of Civil Procedure.  Plaintiff claims he filed a "motion of request to proceed in service [in CV 19-05492-PHX-MTL (ESW)] under (granted by the courts) forma pauperis."  He contends the Court sent Plaintiff a "Marshal packet w[h]i[c]h violates

---

Court."  Plaintiff filed lawsuits prior to being confined, but his lawsuits since he became confined have all be assigned to the undersigned pursuant to Local Rule 3.7(e).

[4] Plaintiff should be aware that the United States Supreme Court has "consistently recognized that habeas corpus proceedings are civil in nature."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Fed. Rules of Civil Procedure.  Rule 4(3) by a Marshal or someone specially appointed.  And 28 U.S.C. § 1915 the judge ruled the request premature.  When the Courts must so order if the Plaintiff is in [f]orma [p]auperis."

In **Count Thirteen** (*id*. at 29-30), Plaintiff asserts he has been subjected to retaliation and an abuse of power.  He claims that "just like [the undersigned's] continuing unconstitutional statements and cit[]ation of A.R.S. that is non-ex[i]st[ent] or doesn't apply," the first time United States Magistrate Judge Willett "got to preside over a ruling . . . [,] she violate[d the] Federal Rules [of] Civil Procedure."

## VI. Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

### A. Defendant United States

Any claim against a federal actor arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not § 1983.  *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." (quoting *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991))).  However, a remedy does not exist under *Bivens* against the United States because a *Bivens* action is only available against federal *officers*, not against the United States or agencies of the federal government.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).  Thus, the Court will dismiss Defendant United States.

### B. Defendant State of Arizona

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989).  Furthermore, "a state is not a 'person' for purposes of section 1983."  *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Therefore, the Court will dismiss Defendant State of Arizona.

### C.   Defendant MCSO

The Maricopa County Sheriff's Office is not a proper defendant because it is a "non-jural entity."  *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)).   In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.  *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101.  A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983.  Accordingly, the Court will dismiss Defendant MCSO.

## VII.   Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios*, 896 F.2d at 1546.   After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original

Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

## VIII.  Warnings

### A.    Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

. . . .

**C.     Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed In Forma Pauperis (Doc. 9) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.00.

(3)     Plaintiff's Motion to Combine Cases (Doc. 6) and Motion to Change Assignment of Judges (Doc. 11) are **denied**.

(4)     Plaintiff's First Amended Complaint (Doc. 8) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

. . . .

(5)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 11th day of May, 2020.


Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name:   _____
     Address:_____
                    Attorney for Defendant(s)

     _____
     (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.   Location.   Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.   Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.   <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.   <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.                                                          **CASE NO.** _____
                                                                     (To be supplied by the Clerk)
(1) _____ ,
(Full Name of Defendant)
                                                            **CIVIL RIGHTS COMPLAINT**
(2) _____ ,                              **BY A PRISONER**

(3) _____ ,

(4) _____ ,                      ☐ Original Complaint
                                                            ☐ First Amended Complaint
                    Defendant(s).                           ☐ Second Amended Complaint

☐ Check if there are additional Defendants and attach page 1-A listing them.


## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: _____. The first Defendant is employed as: _____ at_____.
   <span style="padding-left:8em">(Position and Title)</span> <span style="padding-left:20em">(Institution)</span>

2. Name of second Defendant: _____. The second Defendant is employed as: as: _____ at_____.
   <span style="padding-left:8em">(Position and Title)</span> <span style="padding-left:20em">(Institution)</span>

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at_____.
   <span style="padding-left:8em">(Position and Title)</span> <span style="padding-left:20em">(Institution)</span>

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at_____.
   <span style="padding-left:8em">(Position and Title)</span> <span style="padding-left:20em">(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

    a. First prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
          _____.

    b. Second prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
          _____.

    c. Third prior lawsuit:
       1. Parties: _____ v. _____
       2. Court and case number: _____.
       3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?             ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
□ Basic necessities      □ Mail      □ Access to the court      □ Medical care
□ Disciplinary proceedings      □ Property      □ Exercise of religion      □ Retaliation
□ Excessive force by an officer      □ Threat to safety      □ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      □ Yes    □ No
   b.   Did you submit a request for administrative relief on Count III?      □ Yes    □ No
   c.   Did you appeal your request for relief on Count III to the highest level?      □ Yes    □ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                       DATE                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6