WO                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 20-00774-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| United States, et al., | |
| Defendants. | |

On April 20, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed In Forma Pauperis. In an April 23, 2020 Order, the Court denied the deficient Motion to Proceed and gave Plaintiff thirty days to either pay the administrative and filing fees or file a complete Application to Proceed In Forma Pauperis.

On April 30, 2020, Plaintiff filed a Motion to Combine Cases; Exhibits to Support Civil Action; a First Amended Complaint pursuant to § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and a second Application to Proceed In Forma Pauperis. On May 7, 2020, Plaintiff filed a "Motion to Change Assignment of Judge(s)." In a May 11, 2020 Order, the Court denied the Motion to Change Assignment of Judges, granted the second Application to Proceed, denied the Motion to Combine Cases, dismissed the First Amended Complaint because Plaintiff had failed to state a claim, and gave Plaintiff thirty days to file an amended complaint that cures the deficiencies identified in the Order.

On May 8, 2020, Plaintiff filed a "Motion of: Default Judgment Under rule 55(d) of Fed. Rule Civil Procedure and (local) Arizona Rules of Civil Proc. Rule 55(d)"[1] (Doc. 14), a "Motion to Support Motion of Default Judgment" (Doc. 15), and a "Motion to Combine" (Doc. 16).[2]

## I.     Motion of: Default Judgment

Before a *default judgment* may be entered, the Clerk of Court must first enter *default*. *See VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."). Because the Clerk of Court has not entered *default* in this case,[3] Plaintiff is not entitled to a *default judgment*. Thus, the Court will deny Plaintiff's "Motion of: Default Judgment."

## II.    Motion to Support Motion for Default Judgment

In his Motion to Support Motion for Default Judgment, Plaintiff seeks to "support the action of Default Judgment." As previously explained, Plaintiff is not entitled to a default judgment because he did not first obtain an entry of default from the Clerk of Court. Thus, the Court will deny as moot Plaintiff's Motion to Support.

## III.   Motion to Combine

In his Motion to Combine, Plaintiff seeks to combine this case, CV 20-00800-PHX-MTL (ESW), and "another civil action mail[ed] on April 27[,] 2020," because they "are all under [the] same issues clause of [the] Federal Rules [of] Civil Procedure[]." Plaintiff asserts that the complaint he mailed on April 27, 2020 "is combined issues with new issues

---

[1] The **Arizona** Rules of Civil Procedure are not applicable in this **federal** court.

[2] Although these motions were filed on May 8, 2020, they were not docketed until May 11, 2020, and, therefore, the Court was unaware of them when it issued its May 11, 2020 Order.

[3] The Clerk of Court could not have entered default because the Clerk of Court can only enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Defendants have not been served or waived service and, therefore, were not required to respond to Plaintiff's filings. *See* Fed. R. Civ. P. 12(a).

of illegal confinement, delib[e]rate indifference, due process of law, abuse of power and abuse of authority issues[] and habeas corpus issues."[4]

Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  The Court has broad discretion when deciding a motion to consolidate under Rule 42(a).  *Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

Plaintiff appears to be filing repetitive lawsuits.  However, an in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e).  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against a new defendant, is subject to dismissal as duplicative and frivolous.  *See Bailey*, 846 F.2d at 1021.  Thus, the Court, in its discretion, will deny Plaintiff's Motion to Combine.

**IT IS ORDERED** that Plaintiff's "Motion of: Default Judgment" (Doc. 14), "Motion to Support Motion of Default Judgment" (Doc. 15), and "Motion to Combine" (Doc. 16) are **denied**.

Dated this 14th day of May, 2020.

Michael T. Liburdi
United States District Judge

---

[4] It appears the document Plaintiff mailed on April 27, 2020, is the First Amended Complaint in this case.